UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SMARTEK21, LLC,

        Plaintiff,

v.

VISIKARD, INC.; and KENNETH LIPSCOMB,

        Defendants.

C17-1798 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment, docket no. 65. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

This dispute arises out of a business deal gone bad. Plaintiff SmarTek21, LLC ("SmarTek21") is one of several business entities owned by Al Lalji. Another of Lalji's businesses, SmartBotHub signed a Letter of Intent ("LOI") with Defendant VisiKard, Inc., owned by Defendant Kenneth Lipscomb, to "explore use of VK Travel, LLC as an entity through which to introduce the Travel BOT to market." Declaration of Al Lalji ("Lalji Decl."), docket no. 66, ¶ 4, Ex. A. The LOI is divided into binding and non-binding provisions, and by its own terms "does not in and of itself represent a binding

ORDER - 1

contract except as expressly set forth. . . ." *Id.*, Ex. A at 1. The parties agreed that "[t]he proposed transactions subject to this letter of intent are subject further to due diligence investigation into (non-exclusively) matters such as the status, ownership, intellectual property and financials of each Party and to financing contingencies." *Id.*, Ex. A at 2.[1] The agreement to explore a potential joint venture is contained in the non-binding section of the LOI. *Id.*

Next, SmarTek21 LLC loaned VisiKard $130,000 under three secured promissory notes: (i) a November 3, 2016 Note in the amount of $60,000; (ii) a November 30, 2016 Note in the amount of $40,000; and (iii) a December 7, 2016 Note in the amount of $30,000 (together, the "Notes"). Lalji Decl., Ex. B. Each Note requires repayment of all principal and interested on the earliest of (i) January 31, 2017, (ii) the date that an acquisition of VisiKard is consummated, or (iii) when, upon or after the occurrence of an event of default, such event of default remains uncured after notice to VisiKard. *E.g.*, *id.* at 11. The Notes also contain a provision stating that SmarTek21 "has had an opportunity to ask questions and receive answers from [VisiKard] regarding the terms and conditions of the offering and sale of this Note and believes it has received all the information it considers necessary or appropriate for deciding whether to purchase this Note." *Id.* at 14. The Notes also contain a statutory notice that "oral agreements or oral commitments to loan money, extend credit or forbear from enforcing repayment of a debt

---

[1] The other binding provisions of the LOI include, for example, agreements to enter into non-disclosure and use agreements regarding intellectual property, disclaimers that no joint venture has been established, licenses to use one another's logos and names in marketing material. Lalji Decl., Ex. A at 1-2. None of the binding provisions are relevant to the issues raised in the instant motion.

ORDER - 2

are not enforceable under Washington law." *Id.* at 15. The Notes also state that in any action related to the agreement, the prevailing party is entitled to reasonable attorneys' fees and costs. Lalji Decl., Ex. B. VisiKard never made any payment on the Notes before the end of January 2017. *Id.* ¶ 6.

During due diligence, the parties opted not to pursue further business with one another, although they offer divergent explanations for that decision. SmarTek21 claims that the deal failed because of VisiKard's lack of cooperation or transparency. Lalji Decl. ¶¶ 7-8. VisiKard views events differently, claiming that SmarTek21 agreed to loan more than the amount in the Notes but was unable to obtain financing. Declaration of Kenneth Lipscomb ("Lipscomb Decl."), docket no. 69, ¶ 2. Because it received less than the promised amount, VisiKard claims it was unable to pursue business opportunities which "resulted in key engineering workers quitting and leaving VisiKard." *Id.* ¶ 3. VisiKard testifies that its "ability to repay . . . was completely dependent" on additional financing which never arrived, and that SmarTek21 made "assurance[s]" that the business deal would go forward, which was how VisiKard planned to repay the loans. *Id.* ¶¶ 4, 5. According to VisiKard, SmarTek21 made "representations" that repayment was "conditioned" on additional financing and on unspecified "other documents." *Id.* ¶ 6; *see also id.* ¶¶ 8-10 (describing the additional financing and promises to pursue the joint venture as conditions precedent to repayment).

SmarTek21 provided a notice of default to VisiKard on September 5, 2017. Declaration of Chris Mason ("Mason Decl."), docket no. 19, at 28-29. The parties then negotiated a repayment plan. Mason Decl. at 22. The parties memorialized this plan

with a Note Modification Agreement dated October 6, 2017, which established a six-month repayment schedule for the total amount due of $140,489.43 as of September 30, 2017. Lalji Decl., Ex. D. The Note Modification Agreement contained an integration clause, in which the parties agreed that "[t]he Loan Document, including this Agreement, contain or expressly incorporate by reference the entire agreement of the parties with respect to the matters contemplated therein and supersede all prior negotiations or agreements, written or oral. The Loan Documents shall not be modified except by written instrument, executed by all parties." *Id.*, Ex. D ¶ 5. The Modification Agreement also explicitly modified the Loan Documents by requiring payment in full upon the date of acquisition or "when, on or after the occurrence of an Event of Default . . . such Event of Default remains uncured after any notice to Company required under this Note." *Id.*, Ex. D ¶ 2.3. The agreement again warned the parties that oral agreements or modifications were not enforceable. *Id.* The non-default interest rate was changed to nine percent, and the default rate became eighteen percent. *Id.*

VisiKard made none of the payments required by the Note Modification Agreement. Lalji Decl. ¶¶ 12-13. SmarTek21 granted VisiKard another extension to November 11, 2017, Declaration of Mark D. Kimball ("Kimball Decl."), docket no. 67, Ex. 4 at 2-3, but VisiKard again failed to make any payment. Lalji Decl. ¶¶ 12-13. SmarTek21 issued a second Notice of Default on November 13, 2017 and filed a complaint on November 30, 2017. Kimball Decl., Ex. 3; Complaint, docket no. 1. VisiKard cross-claimed against SmarTek21's attorney, Christopher Mason, alleging legal malpractice related to Mason's actions during the due diligence. Answer, docket no. 8.

SmarTek21 then filed an amended complaint adding claims against Lipscomb. Amended Complaint, docket no. 52. Mason, the third-party defendant, moved for summary judgment, and the Court granted his motion on October 17, 2018, thereby dismissing him from the case. Order, docket no. 62; Partial Judgment, docket no. 64. SmarTek21 now moves for partial summary judgment on its first claim for breach of promissory notes against Defendant VisiKard. Docket no. 65.

**Discussion**

    **I.     Standard of Review**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Alternatively, a movant must show that the plaintiff lacks competent evidence to support an essential element of his or her claim. *Id.* at 322; *Luttrell v. Novartis Pharms. Corp.*, 894 F. Supp. 2d 1324, 1340 (E.D. Wash. 2012). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present "affirmative evidence," which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Celotex*, 477 U.S. at 322.

## II. VisiKard Has Breached the Loan Documents and Injured SmarTek21.

The Promissory Notes, Security Agreements, and Note Modification Agreement (together, the "Loan Documents") unambiguously require VisiKard to repay SmarTek21. By failing to do so, VisiKard has breached these agreements and caused damage to SmarTek21. To prevail on a claim for breach of contract, Plaintiff must prove (1) the existence of "a valid contract, (2) breach of a duty arising under that contract, and (3) resulting damage." *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1187 (W.D. Wash. 2010) (citing *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712, 899 P.2d 6 (1995)). The Notes required repayment by a date certain or upon an event of default, which included failure to make required payments. *See* Lalji Decl., Ex. B at 11. The Note Modification Agreement likewise establishes an unambiguous repayment plan. Lalji Decl., Ex. D. At no point has VisiKard made the required payments, and there is no genuine dispute of material fact precluding summary judgment in SmarTek21's favor.

## III. There Is No Condition Precedent or Ambiguity in the Loan Documents.

In an attempt to manufacture a dispute of material fact, VisiKard argues that it had a different understanding of the business arrangement between the parties, and that this different understanding constituted a condition precedent to VisiKard's performance. Def.'s Response, docket no. 68, at 7-9. VisiKard also argues that the Loan Modification Agreement's modification of the repayment dates introduced ambiguity into the contracts precluding summary judgment. *Id.* at 9-11. These arguments lack merit.

There is no condition precedent in the Loan Documents. VisiKard points to a provision in the Notes that states SmarTek21 "believes it has received all the information it considers necessary or appropriate for deciding whether to purchase this Note." *E.g.*, Lalji Decl., Ex. B at 14. Somehow, VisiKard interprets this clause to mean that SmarTek21 breached the contract when SmarTek21 loaned VisiKard less than $200,000 and later opted not to pursue the joint venture based on the company's experience with VisiKard during due diligence. That interpretation strains logic and is belied by the plain language of the Notes. Nothing in that provision contains any conditional language that suggests it modifies other parts of the agreement or should be viewed as a condition precedent.

More broadly, VisiKard's belief that the agreements required SmarTek21 to loan more money or to pursue the joint venture further is mistaken. The Loan Documents contain no such requirements. In fact, the Loan Documents plainly contemplate that the joint venture is subject to due diligence. Lalji Decl., Ex. A at 2. And the Notes cover loans totaling $130,000—they do not require more, and none of the other written agreements require any more. The Loan Documents contain integration clauses stating that these agreements supersede all other agreements including unwritten agreements, and they expressly warn VisiKard that unwritten agreements to loan money are not valid under Washington law. Washington employs an "objective manifestation theory of contracts" under which courts "attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties." *See Hearst Communications, Inc. v. Seattle Times Co.*, 154

Wash.2d 493, 503, 115 P.3d 262 (2005) ("We do not interpret what was intended to be written but what was written.") (citing *Berg v. Hudesman*, 115 Wash.2d 657, 801 P.2d 222 (1990)). VisiKard's attempts to inject its subjective beliefs about the contracts—beliefs that are inconsistent with the unambiguous language in these contracts—are improper. *See In re Marriage of Schweitzer*, 132 Wash.2d 318, 327, 937 P.2d 1062 (1997) ("context rule" cannot be used to show intention independent of the instrument); *U.S. Life Credit Life Ins. Co. v. Williams*, 129 Wash.2d 565, 569, 919 P.2d 594 (1996) (rejecting attempt to vary the terms of a contract through citation to parol evidence that attempted to modify the terms of the contract).[2]

### IV. The Court May Grant Summary Judgment Without Entering Partial Judgment.

VisiKard suggests that this Court cannot enter summary judgment under Federal Rule of Civil Procedure 54(b), which requires courts to make certain findings regarding the propriety of a partial judgment. The argument, however, is misplaced. The Court may grant Plaintiff's motion and enter an order that Plaintiff is entitled to summary

---

[2] VisiKard's argument that Paragraph 2.3 of the Loan Modification Agreement is ambiguous is similarly unpersuasive. VisiKard appears to argue that because the Notes required payment by the "earlier of" several possible dates, and because the Loan Modification Agreement does not similarly specify the sequence of "Payable Dates," then the new payment schedule is somehow ambiguous. Def.'s Response, docket no. 68, at 9-11. It is not. The original Notes required payment by the earlier of several events, the earliest of which was the certain date of January 31, 2017. VisiKard did not pay, and SmarTek21 provided a notice of default. The Loan Modification Agreement establishes a new repayment schedule, but continues to require accelerated repayment upon the event of an acquisition. No acquisition ever occurred and VisiKard continued to miss every rescheduled payment date. There is no ambiguity here—VisiKard received accommodations from SmarTek21 but nonetheless failed to meet the modified repayment schedule.

judgment on its first claim. There are no genuine disputes of material fact that would require a trial on the first claim. The remaining claims and defenses remain set for trial.[3]

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) Plaintiff's Motion for Partial Summary Judgment, docket no. 65, is GRANTED. There is no genuine issue of material fact that VisiKard, Inc. is in material breach of the Loan Documents, which include the three Promissory Notes, Security Agreements, and Note Modification Agreement. SmarTek21, LLC is entitled to judgment as a matter of law on its first cause of action for breach of contract. Plaintiff SmarTek21, LLC is entitled to damages of $163,942.90 from VisiKard, Inc. by reason of its material breach of the Loan Documents. The Court will not enter partial judgment at this time.

(2) Plaintiff will be entitled to reasonable attorneys' fees and costs in connection with the First Cause of Action. Plaintiff may file a motion for attorneys' fees pursuant to the Federal Rules of Civil Procedure and the Local Rules after the entry of judgment.

---

[3] VisiKard suggests that its affirmative defense that it is entitled to a set off against SmarTek21's damages precludes summary judgment on the breach of contract claim. Def.'s Response, docket no. 68 at 11-12. VisiKard is not entitled to a set off, however, because the purported broken promises identified by VisiKard are directly contradicted by the terms of the written agreements. Specifically, VisiKard argues that SmarTek21 breached the Loan Documents by (1) loaning less than $200,000, (2) representing that it had sufficient information to loan VisiKard money, and (3) deciding during due diligence not to pursue further business with VisiKard. *Id.* These are the same arguments VisiKard makes in support of a condition precedent, repackaged as an argument that SmarTek21 breached the Loan Documents. The Loan Documents unambiguously do not impose these duties on SmarTek21 and do not give rise to a set off. Subjective beliefs and parol evidence cannot be used to contradict the terms of the written agreement. *See, e.g.*, *U.S. Life Credit Life Ins. Co.*, 129 Wash.2d at 569.

ORDER - 9

(3) Plaintiff's request to strike the Declaration of Kenneth Lipscomb, *see* Plf.'s Reply, docket no. 70, at 7-9, is DENIED as moot.

(4) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 29th day of January, 2019.

                                                              Thomas S. Zilly
                                                              United States District Judge

ORDER - 10